UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael J. Cook and Richard C. Dentinger, as
Trustees of the Minnesota and North Dakota
Bricklayers and Allied Craftworkers Pension Fund;
Michael J. Cook and Paul R. Weise, as
Trustees of the Minnesota and North Dakota
Bricklayers and Allied Craftworkers Health Fund;
Jay Lommel and James R. Lundquist, as
Trustees of the Minnesota and North Dakota
Bricklayers and Allied Craftworkers Vacation Fund;
and Michael J. Cook and William Dentinger, as
Trustees of the Minnesota and North Dakota
Bricklayers and Allied Craftworkers Journeyman
and Apprentice Training Trust Fund,

   Plaintiffs,          Civil No. 09-140 (JNE/RLE)
                   FINDINGS OF FACT,
v.                 CONCLUSIONS OF LAW,
                   AND ORDER

Vertrice A. Griffin, individually and d/b/a
All Agape Construction Co., LLC,

   Defendant.

Stephen Kelly, Esq., Rosene, Haugrud & Staab, Chartered, appeared for Plaintiffs.

No appearance for Defendant Vertrice A. Griffin, individually and d/b/a All Agape Construction Co., LLC.

   This case is before the Court on Plaintiffs' motion for an injunction. Based on the files, records, and proceedings herein, the Court makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT

1. On February 20, 2009, the Court entered default against Defendant.

1

2. Plaintiffs are fiduciaries of multiemployer fringe benefit plans defined by 29 U.S.C. § 1002(37), which are established to provide pension, health and welfare, and other benefits to employees doing work in the construction trades, pursuant to a written agreement.

3. Defendant is signatory to the Minnesota Statewide Independent Agreement, which binds Defendant to the Agreement between Associated General Contractors of Minnesota and Minnesota Concrete and Masonry Contractors Association and Bricklayers and Allied Craftworkers Local Union 1 Minnesota / North Dakota and Independent Employers effective May 1, 2007 – April 30, 2010 (Collective Bargaining Agreement).

4. Defendant has not abrogated the Collective Bargaining Agreement pursuant to the terms thereof or 29 U.S.C. § 158(d).

5. Pursuant to the Collective Bargaining Agreement, Defendant is obligated to submit to Plaintiffs' Third-Party Administrator (TPA) monthly fringe benefit contribution report forms indicating the fringe benefit contributions due for the prior month, as well as the fringe benefit contribution payments.

6. The Collective Bargaining Agreement and 29 U.S.C. § 1132(g)(2)(C) provide that Defendant is liable for liquidated damages in the amount of ten percent (10%) of the unpaid fringe benefit contributions, as well as interest on the unpaid fringe benefit contributions at the rate provided in 26 U.S.C. § 6621 and reasonable attorney fees and costs.

7. The Collective Bargaining Agreement provides that, on demand, Defendant must provide Plaintiffs' TPA with all necessary employment and payroll records and other relevant information for fringe benefit payroll audits.

8. The Collective Bargaining Agreement provides that "[a]ny Employer becoming delinquent in any obligation, for more than 30 calendar days, to the Employee Benefit Plans . . . shall immediately post a surety bond . . . which must remain in force for three years."

9. Defendant has failed to submit to Plaintiffs' TPA fringe benefit contribution report forms for the months of December 2007, January 2008, March 2008, and June 2008 through February 2009.

10. Defendant has failed to comply with Plaintiffs' demand for an audit.

## CONCLUSIONS OF LAW

1. Defendant is in default.

2. Defendant is required to submit fringe benefit contribution report forms for the months of December 2007, January 2008, March 2008, and June 2008 through February 2009. Defendant is further required to submit payment to Plaintiffs for the fringe benefit contributions due per the reports for the above-listed months.

3. Defendant is liable to Plaintiffs for delinquent fringe benefit contribution payments, liquidated damages, interest, and reasonable attorney fees and costs.

4. Defendant is required to post a surety bond in an amount determined in accordance with the Collective Bargaining Agreement.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' motion for an injunction [Docket No. 7] is GRANTED.

4

2. Within ten days of service of this Order on Defendant, Defendant shall submit to Plaintiffs' TPA all delinquent fringe benefit contribution report forms and pay fringe benefit contribution payments for all months for which Defendant is delinquent, together with interest and liquidated damages.

3. Within ten days of service of this Order on Defendant, Defendant shall submit to Plaintiffs' TPA all necessary employment and payroll records and other relevant information for an audit disclosing the amount of unpaid fringe benefit contribution payments.

4. Defendant shall cooperate in all ways with this audit.

5. Defendant shall post a surety bond in an amount determined according to the Collective Bargaining Agreement.

6. Defendant shall submit to Plaintiffs' TPA all fringe benefit contribution report forms and all fringe benefit contribution payments as they become due.

Dated:  May 8, 2009

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge